UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Paula Holcomb,

                Plaintiff,

                                      **Hon. Hugh B. Scott**

           v.                           12CV673A

                                      **Report**
                                      **&**
                                      **Recommendation**

State University of New York
at Fredonia, et al.,

                Defendant.
_____

      Before the Court is the defendants' motion for summary judgment (Docket No. 33).

**Background**

      The plaintiff, Paula Hocomb ("Holcomb") commenced this action against the defendants under Title VII of the Civil Rights Act of 1964 and various state statutes. Named as defendants are: the State University of New York at Fredonia ("SUNY Fredonia"), Karl Boelter ("Boelter"), Dennis Hefner ("Hefner") and Barry Kilpatrick ("Kilpatrick"). The plaintiff claims that Boelter made an inappropriate advance to Holcomb. (Docket No. 1 at ¶¶28-38). Holcomb claims that after she advised Boelter that she was not interested in a romantic relationship with him, he began to scrutinize her work and repeatedly sent her emails that questioned her integrity and honesty. (Docket No. 1 at ¶¶ 39-41). The plaintiff asserts that she also complained about policy

changes which "devalued" her Wind Ensemble credit hours from 4 to 3. According to the plaintiff, this policy change would have resulted in an increase in her workload. Holcomb complained to her union about this issue, which was ultimately resolved by a partial agreement between the parties. (Docket No. 1 qt ¶¶ 45-48). Notwithstanding, Holcomb advised Boelter and SUNY Fredonia Dean John Kijinski that she intended to file a grievance. (Docket No. 1 at ¶49). The plaintiff states that Boelter made comments to the faculty "evidencing his discontent" with her decision to seek union protection. (Docket No. 1 at ¶50). The plaintiff asserts that thereafter the defendants retaliated against her by stripping her of many responsibilities and demoting her (Docket No. 1 at ¶¶ 54-55); by increasing her workload (Docket No. 1 at ¶56); by making disparaging comments about her filing of a union grievance (Docket No. 1 at ¶ 59); by sending an email to all faculty in August of 2011 warning them to be careful about Holcomb[1] because she was taking legal action against the school (Docket No. 1 at ¶ 61); by admonishing her for not performing responsibilities that had been taken away from her (Docket No. 1 at ¶¶62-63); by describing her to colleagues as being "angry" and "hostile" (Docket No. 1 at ¶64); by limiting her ability to select performers for the Wind Ensemble (Docket No. 1 at ¶65); by removing her from a group working toward an exchange program with China (Docket No. 1 at ¶66); and by removing her from the position of Musical Director for a musical. (Docket No. 1 at ¶¶ 67-69). The defendants deny that any acts of retaliation were taken against Holcomb.

---

[1] Holcomb was joined in her grievance by a fellow faculty member, David Rudge ("Rudge"), whose work load was also allegedly impacted. The email sent to all faculty members purportedly warned the faculty of the possible legal actions by both Holcomb and Rudge. (Docket No. 1 at ¶ 61).

**Defendant's Motion for Summary Judgment**

As discussed in the Court's June 17, 2014 Order, discovery in this case is not complete. In addition to further document discovery to be completed by the plaintiff, the plaintiff has not yet taken depositions in this case. (Docket No. 41). While the plaintiff's motion to extend discovery (which was opposed by the defendants) was pending, the defendants' filed the instant motion for summary judgment pursuant to the previously set deadline for dispositive motions. (Docket No. 33). The Court granted the plaintiff's motion to extend discovery and directed the parties to advise whether the motion for summary judgment should be deferred pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Docket No. 41 at page 5). The parties have filed respective papers on this issue. The plaintiff argues that depositions have not yet taken place, and that the plaintiff intends to obtain information relevant to her claims by way of such depositions. (Docket No. 43 at page 5). The defendants contend that the plaintiff had an opportunity to take depositions, but failed to do so. (Docket No. 42 at page 5). The Court has already resolved the dispute relating to the extension of discovery in this case, giving the plaintiff until September 30, 2014 to complete discovery (including depositions). (Docket No. 41). The plaintiff has demonstrated that the discovery still to be obtained relates to material issues of fact underlying her claims in this case: including:

> – the April 29, 2011 meetings attended by, among others, Boelter and Kijinski, during which plaintiff alleges that she complained of sexual harassment and engaged in protected union activity;
>
> – the changes to plaintiff' terms and conditions of employment after the April 29, 2011 meetings and the reasons for those changes, including, but not limited to, the suspension of her titles as Director of Bands and de facto Chair of Conducting, removal of her as Musical Director, and assigning her to teach beginning conducting;

> – the reaction by faculty and administrators to plaintiff' EEOC Charge and lawsuit;
>
> – communications between and among SUNY administrators and alumni, students, and others outside of SUNY concerning plaintiff;
>
> – the reasons defendants have not reinstated plaintiff as Director of Bands and de facto Chair of Conducting;
>
> – the effect of the changes on the SUNY band program;
>
> --any opportunities defendants offered plaintiff to remedy the adverse actions; and
>
> – the roles of individual defendants Boelter, Kilpatrick, and Hefner in the decisions related to Holcomb' employment.

(Docket No. 43 at page 5).

"Rule 56(f) is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality." Holmes v. Lorch, 329 F.Supp.2d 516, 529 (S.D.N.Y.2004); see also Delphi–Delco Electronics Systems v. M/V NEDLLOYD EUROPA, 324 F.Supp.2d 403, 417–418 (S.D.N.Y.2004) (Rule 56(d) "is an important safeguard against improvident or premature motions for summary judgment, courts generally avoid overly technical rulings under this subdivision and apply it with a spirit of liberality"). This is especially true where a party has not had an opportunity to conduct full discovery. "The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.... The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986).

Here, the record reflects that the remaining discovery to be conducted in this case directly relates to the material issues of fact underlying the plaintiff's claims. It is recommended that the

4

defendant's motion for summary judgment (Docket No. 33) be denied without prejudice. The defendants can re-assert such a motion, if appropriate, upon the conclusion of discovery.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

    So Ordered.

                                               /s/ Hugh B. Scott
                                    United States Magistrate Judge
                                    Western District of New York

Buffalo, New York
July 31, 2014